MASTERSON v. MACON CITY & SUBURBAN ST. RAILROAD CO.

1. It is gross negligence in a passenger on a street railway to jump from the car when it is going at a speed of twenty miles an hour, whether he knows or does not know that the car is going so fast. That the city ordinance restricted the speed of the car to seven miles an hour would make no difference.
2. The presence of the conductor and his silence on hearing another passenger tell the plaintiff that the car was not going to stop and he had better get off, will not justify him in jumping from the car and causing his own injury.                     *Judgment affirmed.*
   February 15, 1892.

Railroads. Negligence. Nonsuit. Before Judge MILLER. Bibb superior court. April term, 1891.

The action by Masterson against the street railroad

company for personal injuries was dismissed on general demurrer, and the plaintiff excepted. His declaration contains the following allegations: On September 8, 1890, he was a passenger on said street railway, having paid his fare for transportation upon an electric car thereon from Vineville to such point in Macon as he might desire to quit the car. It is the rule and custom pertaining on the electric cars run upon said railway to stop at all street crossings whether the conductor is notified to stop or not, and to stop at other points when requested so to do by passengers. The car on which he rode had a conductor who was placed in charge of it and of the passengers by said corporation for the purpose of stopping the car for the exit of passengers and for seeing that they were provided with a safe and comfortable method of exit. Plaintiff entered the car in company with others who, like himself, desired to get off at a certain named street crossing, and one or two of this party notified the conductor, in the presence and at the request of plaintiff, that he and others of the party desired to get off at that point, and asked him to stop there, which notice was given the conductor shortly before the car reached said point and in abundance of time to stop the car thereat. The conductor did not stop the car, but proceeded past said crossing. Plaintiff and others of the party with him, and the conductor, were all standing on the rear platform of the car. When it became evident that the conductor would not stop, one of the party, in the presence and hearing of the conductor, standing immediately by him, said to the plaintiff, who was nearest the place of exit from the car, "He is not going to stop; you had better just get off." The conductor made no objection or demurrer thereat. This was between eleven and twelve o'clock at night, and plaintiff had no method of ascertaining the speed at which the car was running, as it ran very smoothly over

the track, and the surrounding darkness did not allow him, by a comparison with passing objects, to judge of the rate of speed; wherefore, in the utmost good faith and without negligence, exercising all the caution he could under what he believed to be the instructions of the conductor who had heard him told to jump off and had not warned him of any danger, he jumped from the car which in fact was going at a rate of speed amounting to twenty miles an hour. He was hurled violently to the ground and badly injured. It was the published rule and general custom of the street railroad company to stop at all street crossings, or to slow up to such a rate of speed as to render it safe for passengers to get off at such crossings. The contract and agreement and ordinance by which the company was allowed to run its cars through the streets of Macon was, that they should never exceed a speed of seven miles an hour. The plaintiff was young (twenty-seven years) and active, and could have jumped without injury to himself from a car going at that rate of speed. He knew of this regulation and of the custom of the company not to run its cars faster than seven miles an hour, and did not know or suspect that said car was running even as fast as that, but believed that it was going slowly, as it was at a regular crossing and stopping place; and when the remark was made telling him to jump, he looked at the conductor who was standing by him and heard the remark, and receiving no intimation from him of the danger, he jumped off, using all reasonable and ordinary care to prevent injury to himself.

R. W. PATTERSON, for plaintiff.
ESTES & ESTES, for defendant.